### AIR–BRUSH MFG. CO. v. THAYER et al.

(Circuit Court, N. D. Illinois, N. D. April 14, 1897.)

1. TRADE-MARKS—DESCRIPTIVE NAMES—"AIR BRUSH."

Whether or not a given word is a trade-mark is a question of fact. The evidence does not show the words "air brush" to be used as a mark of origin by complainant. These words are apparently used descriptively by both parties.

2. FEDERAL TRADE-MARK STATUTE.

The case rests on the federal statute; but defendants have not affixed complainant's registered mark to merchandise of substantially the same descriptive properties as that described in the registration.

This was a suit in equity by the Air-Brush Manufacturing Company against Thayer and others for alleged infringement of a trade-mark.

L. L. Morrison, for complainant.

Barton & Brown, for defendants.

SHOWALTER, Circuit Judge. I do not find from the evidence that complainant in fact uses the words "air brush" as a mark of origin. Complainant calls the patented article made by it an "air brush." The name of the complainant company, "Air-Brush Manufacturing Company," is stamped on said article; but the mark "air brush," as a sign of origin, is not there. In the specification of patent No. 310,754 the patentee says: "My invention relates to that class of instruments or machines designated as 'air brushes,' for the distribution of pigments by means of an air blast to produce portraits, land-

scapes, etc." Complainant preferred the name "air brush" to the name "paint distributer" or "atomizer." But the term "air brush," as complainant uses it, is the name of the article, and it is plainly descriptive, and not arbitrarily selected as a mark of origin. Any licensee of complainant under the patent referred to would speak of his product descriptively as an "air brush," and when the patent expires the public may make the article, and call it by that name. Not only so, but the name is generic. It is so used in the patent office, and was so used at the Columbian Exposition. In the patent, as above quoted, it is declared that the word "air brush" indicates a class of articles. Moreover, the defendants, while they call the particular air brush made by them the "fountain" air brush, do not put said mark on the article. What they make is entirely different in appearance from the article made by complainant. There is no mark on defendants' article which could possibly signify that it was made by complainant. The parties here are citizens of Illinois. This court entertains jurisdiction over the case, therefore, as being strictly a trade-mark case. But these defendants have not affixed complainant's registered mark to merchandise of substantially the same descriptive properties as that described in the registration, within the meaning of section 7 of the national trade-mark statute (21 Stat. 502). Even if a case of unfair competition were shown, the complainant would have no right to litigate in this court, since the parties are citizens of Illinois. The bill is therefore dismissed for want of equity.